*Paul H. Doyal,* contra.

---

15357. BRINSON *v.* TENNESSEE CHEMICAL COMPANY.

As to authority to hold special terms of the court, the city court of Millen, under the act creating that court, was governed by the provisions of the Civil Code (1910), § 4876, authorizing judges of the superior courts to hold such terms.

DECIDED JUNE 16, 1924.

Complaint; from city court of Millen—Judge Woodrum. December 21, 1923.

*A. S. Anderson,* for plaintiff in error. *G. C. Dekle,* contra.

JENKINS, P. J. The only contention urged in the brief of plaintiff in error is that the city court of Millen had no right to sit in the special term during which the judgment complained of was rendered, but that, under the act creating the court (Ga. L. 1912, p. 245), its sessions were limited to the regular terms therein provided for, which might be continued from day to day. Under the provisions of the Civil Code (1910), § 4876, the judges of the superior courts are "authorized to hold special terms of said courts for the trial of criminals, or·for the disposition of civil business, either or both, in any county of their circuits, at discretion, and to compel the attendance of grand or petit jurors either of a previous term, or to draw new jurors for the same, according to the laws now in force." The act creating the city court of Millen (Ga. L. 1912, p. 248, sec. 4) provides that "the judge of said court shall have all the power and authority throughout his jurisdiction of judges of the superior courts, and all laws relat-

ing thereto and governing the judges of the superior courts shall apply to the judge of said city court so far as the same may apply except as herein provided." Accordingly, there is no merit in the exception taken.

*Judgment affirmed. Stephens and Bell, JJ., concur.*